IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Thompson, Y313477, ) | C/A No. 0:10-983-CMC-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; ) | |
| South Carolina Department of Probation, ) | |
| Parole, Pardon Services, ) | |
| Defendants. ) | |

The plaintiff, Douglas Thompson, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants two state agencies.[1] Plaintiff claims he is being imprisoned "beyond my maxout date." (Compl., Docket Entry 1 at 2, 3.) Plaintiff seeks monetary damages, as well as release from prison.[2] Having reviewed the Complaint in

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] In as much as the plaintiff is seeking immediate release from custody, he cannot obtain such relief under 42 U.S.C. § 1983. Under Heck v. Humphrey, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The Clerk of Court is directed to send the plaintiff the form used to file for habeas relief under 28 U.S.C. § 2241. A habeas petitioner must exhaust state remedies prior to filing for federal habeas relief.

accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>id.</u>;<u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff names two state agencies, the South Carolina Department of Corrections and the South Carolina Department of Probation, Parole, Pardon Services, as the only defendants. Neither the State nor its agencies are "persons" for purposes of liability under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Additionally, absent waiver or consent, the Eleventh Amendment bars a suit directly against the State or its agencies. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. See Alden v. Maine, 527 U.S.

706, 728-29 (1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. See Lapides v. Board of Regents, 535 U.S. 613 (2002). The defendants have not consented to suit in federal court in this case. The Eleventh Amendment bars the plaintiff from suing the defendants in this court. The Complaint fails to state a claim on which relief may be granted and should be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, the court recommends that Complaint in this matter be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 24, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).